**FILED**

NOV 1 4 2007 *aew*
11-14-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PETITIONER'S MEMORANDUM BRIEF IN SUPPORT OF HIS MOTION
FOR LEAVE TO INTRODUCE RECORDED TELEPHONE CONVERSATIONS

The recorded telephone conversations that Desi Cano requests to introduce as
evidence in the record are to support his 2255 post-conviction remedy action
pending in this court, which will establish and support Mr. Cano's claims that
not only did he exercise due diligence in filing his instant 2255 petition, but
these recorded telephone conversations will also reflect that Mr. Bolger's and
Mr. Lucenti have been conspiring among themselves in an unethical and unprofessional
manner in the form of misleading their criminal defendant Desi Cano and his family
members for almost a decade into believing that they (Bolger's & Lucenti) had con-
stantly been working on a sentence reduction in behalf of Desi Cano since the initial
filing of the criminal complaint against him. Which in turn Desi Cano was forced
to waive his rights to file a direct appeal and a timely post-conviction remedy.

Mr. Desi Cano assures the court the following for the admissibility of his recorded
telephone conversations (1) the recording device was capable of taking the conversation
offered into evidence; (2) the operator of the device was competent to operate the
device; (3) the recordings are authentic and correct; (4) changes, additions, or
deletions have not been made; (5) the recordings have been preserved in a manner
that is shown to the court; (6) the speakers are identified; and (7) the conversation
elicited was made voluntarily and in good faith, without any kind of inducement.
Please See MCALINNEY V. MARION MERRELL DOW, INC. 992 F. 2d. 839, 842(8th Cir. 1993).

Moreover, Mr. Desi Cano also assures the court that the operator of the device
that recorded the telephone conversations in question here are willing to testify
in the court of law regarding the telephone conversations made between them and
Kevin Bolger's and Robert Charles Lucenti. Additionally, Mr. Desi Cano agrees to
waive any client privilege rights here if necessary to admit the telephone conver-
sations since these recorded telephone conversations are crucial evidence in his
case-in-chief.

## 07CV6444
## JUDGE CONLON
## MAG. JUDGE KEYS

For the foregoing reasons, Mr. Desi Cano requests and moves this Honorable
Court for Leave to introduce into the record of his 2255 proceedings the re-
corded telephone conversations referenced herein. Or in the alternative Mr. Cano
requests for this court to inspect and listen to the recorded telephone conversations
in on In Camera Proceeding and to determine through this In Camera Proceeding
whether or not Mr. Desi Cano's claims in his 2255 proceedings are justified and
meritorious.[1]

WHEREFORE, Mr. Desi Cano prays that this Honorable Court grant him the relief
requested herein in the form of permitting him to introduce recorded telephone
conversations in his 2255 proceedings to establish his case-in-chief and or any
other relief this Honorable Court might deem appropriate and just.

Respectfully Submitted

Desi Cano- Pro-Se
Reg#10121-424-Dorm-208
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814

Executed On This 8Th Day Of November 2007

CERTIFICATE OF SERVICE

I, Desi Cano hereby certify under the penalty of perjury, that on the last date
given below, I deposited a true and correct copy of my Motion To Introduce Recorded
Telephone Conversations, in the Duluth Federal Prison Camps legal Mail system with
first class postage affixed to insure its proper delivery to:

U.S. Attorneys Office
U.S. District Court
219 South Dearborn Street
Chicago Illinois 60604

Executed On This 8Th Day Of November 2007

Desi Cano

----

1. Desi Cano has not enclosed the transcripts nor the authentic recorded telephone
   conversations since he has not received Leave from the court to do so. But upon
   the courts Order for Leave or In Camera Review, Mr. Cano will furnish the courts
   with such recordings and transcripts if requested.