FILED
DEC 10 2007
12-10-2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PETITIONER'S MEMORANDUM BRIEF IN SUPPORT OF HIS MOTION
FOR LEAVE TO INTRODUCE RECORDED TELEPHONE CONVERSATIONS

07 C 6444

The recorded telephone conversations that Desi Cano requests to introduce as evidence in the record are to support his 2255 post-conviction remedy action pending in this court, which will establish and support Mr. Cano's claims that not only did he exercise due diligence in filing his instant 2255 petition, but these recorded telephone conversations will also reflect that Mr. Bolger's and Mr. Lucenti have been conspiring among themselves in an unethical and unprofessional manner in the form of misleading their criminal defendant Desi Cano and his family members for almost a decade into believing that they (Bolger's & Lucenti) had constantly been working on a sentence reduction in behalf of Desi Cano since the initial filing of the criminal complaint against him. Which in turn Desi Cano was forced to waive his rights to file a direct appeal and a timely post-conviction remedy.

Mr. Desi Cano assures the court the following for the admissibility of his recorded telephone conversations (1) the recording device was capable of taking the conversation offered into evidence; (2) the operator of the device was competent to operate the device; (3) the recordings are authentic and correct; (4) changes, additions, or deletions have not been made; (5) the recordings have been preserved in a manner that is shown to the court; (6) the speakers are identified; and (7) the conversation elicited was made voluntarily and in good faith, without any kind of inducement. Please See <u>MCALINNEY V. MARION MERRELL DOW, INC.</u> 992 F. 2d. 839, 842(8th Cir. 1993).

Moreover, Mr. Desi Cano also assures the court that the operator of the device that recorded the telephone conversations in question here are willing to testify in the court of law regarding the telephone conversations made between them and Kevin Bolger's and Robert Charles Lucenti. Additionally, Mr. Desi Cano agrees to waive any client privilege rights here if necessary to admit the telephone conversations since these recorded telephone conversations are crucial evidence in his case-in-chief.

For the foregoing reasons, Mr. Desi Cano requests and moves this Honorable Court for Leave to introduce into the record of his § 2255 proceedings the recorded telephone conversations referenced herein. Or in the alternative Mr. Cano requests for this court to inspect and listen to the recorded telephone conversations in on In Camera Proceeding and to determine through this In Camera Proceeding whether or not Mr. Desi Cano's claims in his § 2255 proceedings are justified and merotorious.[1]

WHEREFORE, Mr. Desi Cano prays that this HOnorable Court grant him the relief requested herein in the form of permitting him to introduce recorded telephone conversation in his § 2255 proceedings to establish his case-in-chief and or any other relief this Honorable Court might deem appropriate and just.

                          Respectfully Submitted

                          */s/ Desi Cano*

                          Desi Cano- Pro-Se
                          Reg# 10121-424-Dorm-208
                          Duluth Federal Prison Camp
                          P.O. Box 1000
                          Duluth MN 55814

Executed On This 4th Day Of December 2007

### CERTIFICATE OF SERVICE

I, Desi Cano hereby certify under the penalty of perjury, that on the last date given below, I deposited a true and correct copy of my Motion To Introduce Recorded Telephone Conversations, in the Duluth Federal Prison Camps legal mail system with first class postage affixed to insure its proper delivery to:

                          U.S. Attorneys Office
                          U.S. District Court
                          219 South Dearborn Street
                          Chicago Illinois 60604

Executed On This 4th Day Of December 2007

                          */s/ Desi Cano*
                          Desi Cano

---

1. Desi Cano has not enclosed the transcripts nor the authentic recorded telephone conversations since he has not received Leave from the court to do so. But upon the courts Order for Leave Or In Camera Review, Mr. Cano will furnish the courts with such recordings and transcripts if requested.