UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  07 C 6444 |
| | ) | No.  98 CR 712-1 |
| v. | ) | |
| | ) | Honorable Suzanne B. Conlon |
| | ) | |
| DESI CANO | ) | |

**EXHIBIT LIST FOR
GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION PURSUANT TO 28 U.S.C. § 2255**

Exhibit A:     May 15, 2001 Report of Drug Enforcement Administration Investigation

Exhibit B:     Affidavit of Lawrence Beaumont

Exhibit C:     Affidavit of Charles Baumgartner

# Exhibit A

# REPORT OF INVESTIGATION

Page 1 of 4

| | |
|---|---|
| 1. Program Code: N/A | 3. File No.: [redacted]    4. G-DEP Identifier: [redacted] |
| 5. By: S/A Charles Baumgartner   At: Chicago, Illinois | 6. File Title: [redacted] |
| 2. Cross Related Files: [unchecked boxes] | |
| 7. ☐ Closed  ☐ Requested Action Completed  ☐ Action Requested By: | 8. Date Prepared: 05/15/01 |

9. Other Officers: S/A Robyn Morrissey, TFA Thomas Kearns, National Guard Linguist Nora Chaidez

10. Report Re: Proffer of Desi CANO on May 15, 2001

## SYNOPSIS

On May 15, 2001, Desi CANO was interviewed under the protection of a proffer agreement. CANO provided information concerning his arrest on May 26, 1998, and the individuals with whom he conducted cocaine transactions.

## DETAILS

1. On May 15, 2001, S/As Baumgartner and Morrissey, and TFA Kearns, interviewed Desi CANO under the protection of a proffer agreement. Present for the interview was National Guard Linguist Nora Chaidez. CANO's attorney, Kevin Bolger, was present near the end of the interview.

2. CANO stated that the garage where he was arrested (5058 W. 31st Place, Cicero, Illinois) was owned by a female (believed to be [redacted]) who is a cousin of [redacted]. CANO did not know the woman's name. CANO said the woman [redacted] was married to [redacted]. CANO said [redacted] asked [redacted] to use the garage to store the cocaine that CANO and [redacted] expected to receive on May 26, 1998. (Reference DEA-6 dated June 2, 1998, by S/A Baumgartner, RE: Seizure of 100 Kilograms of Cocaine and Arrest of Desi CANO, Jorge O'CONNOR, and Juan Manuel PEREZ on May 26, 1998). CANO said PEREZ and O'CONNOR were going to take 50 kilograms out of the 100 kilogram load.

| 11. Distribution: Division / District / Other | 12. Signature (Agent): Charles Baumgartner, Special Agent | 13. Date: 5/16/01 |
|---|---|---|
| | 14. Approved (Name and Title): Vincent M. Balbo, Group Supervisor | 15. Date: 05-17-01 |

DEA Form - 6
Jul 1996

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

**REPORT OF INVESTIGATION**
(Continuation)

1. File No. [redacted]
2. G-DEP Identifier [redacted]
3. File Title [redacted]
4. Page 2 of 4
5. Program Code: N/A
6. Date Prepared: 05/15/01

3. CANO said he met [redacted] (believed to be [redacted]) on two occasions in Chicago, approximately one year prior to CANO's arrest on May 26, 1998. CANO said he met [redacted] through CANO's cousin, [redacted] CANO said [redacted] was associated with an individual named [redacted], who resided in Sinaloa, Mexico. CANO said [redacted] worked with [redacted] who resided in San Diego, California. CANO said he met [redacted] on one occasion at a hotel south of Midway Airport in Chicago. CANO said [redacted] was present at that meeting. CANO said he began receiving cocaine shortly after this meeting.

4. CANO said he received cocaine from [redacted] through [redacted] (believed to be [redacted]). CANO said [redacted] was arrested around the end of 1997, or early 1998, with $360,000.00. (Reference DEA-6 dated February 19, 1998, by S/A Baumgartner, RE: Surveillance of Desi CANO and Seizure of $163,585.00 on February 18, 1998......; [redacted] That report detailed the seizure of $163,585.00 from [redacted] after he received it from CANO). CANO said he then began receiving cocaine from [redacted].

5. CANO said he would call [redacted] in San Diego to request cocaine. CANO said [redacted] would then call [redacted] or [redacted] and give approval to them to deliver cocaine to CANO. CANO said he only met [redacted] when he received cocaine or delivered currency. CANO said he could not call [redacted] or [redacted] directly in order to receive cocaine. CANO said he could only receive cocaine with [redacted] approval.

6. CANO said he had three customers he supplied in Chicago in late 1997 and early 1998. CANO said he supplied 20 to 25 kilograms of cocaine at a time to [redacted]. CANO said [redacted] real name is [redacted] or [redacted]. CANO said [redacted] claimed to own [redacted] near 16th and Laramie Avenue in Cicero. CANO said [redacted] did not work at [redacted] but claimed it as his employer to legitimize his income. CANO said [redacted] used to live near the TOYS R US on North Avenue in Melrose Park. CANO said he did not know where [redacted] currently resided, but believed that he remained in the Chicago area.

7. CANO said [redacted] worked with a cousin, [redacted] CANO said [redacted] was present on several occasions when CANO delivered cocaine to [redacted]

DEA Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

3 - Originating Office

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF INVESTIGATION
(Continuation)



4.
Page 3 of 4

5. Program Code
N/A

6. Date Prepared
05/15/01

CANO said ▓▓▓ was approximately 30 to 32 years of age, 5'8", 220 lbs., with a shaved head and dark skin. CANO said ▓▓▓ may have worked at a Holiday Inn near Interstate 88 by Route 83.

8. CANO said he also supplied ▓▓▓ who was arrested with CANO on May 26, 1998. CANO said ▓▓▓ usually took 25 kilograms at a time. CANO said ▓▓▓ was sent to Chicago from Mexico to replace ▓▓▓. CANO said ▓▓▓ returned to Mexico following his arrest. (Reference DEA-6 dated March 5, 1998, by S/A Baumgartner, RE: Surveillance of Desi CANO and Seizure of $356,016.00 on March 4, 1998; ▓▓▓. That report detailed the seizure of $356,016.00 from ▓▓▓ residence. ▓▓▓ was not arrested.) CANO said ▓▓▓ was sent to Chicago by ▓▓▓ who had been supplying a black male with cocaine that CANO provided. CANO did not know the name of the black male.

9. CANO said ▓▓▓ was killed in Mexico approximately one year ago. CANO said ▓▓▓ had been working with the ▓▓▓ Cartel and had gotten involved in a money dispute. CANO said ▓▓▓ murder was unrelated to the money seizure in Chicago.

10. CANO said he also supplied cocaine to ▓▓▓ and ▓▓▓ cousin, ▓▓▓ (Reference DEA-6 dated May 7, 1998, by S/A Genese, RE: Surveillance of Desi CANO and Acquisition of Exhibit 1 and 2 on May 6, 1998...; ▓▓▓ That report detailed the seizure of four kilograms of cocaine from ▓▓▓ which was a result of intercepted telephone calls between CANO and ▓▓▓. CANO said ▓▓▓ and ▓▓▓ left Chicago for Mexico shortly after that seizure. CANO said he believed ▓▓▓ and ▓▓▓ currently remain in Mexico.

11. CANO said he also supplied ▓▓▓ an individual who resided in Iowa. CANO said ▓▓▓ is currently in prison. (Agents note: DEA records revealed that ▓▓▓ was arrested on August 7, 1998, in possession of 1,490 grams of cocaine. ▓▓▓ was sentenced on March 12, 1999, to 120 months in prison).

12. CANO said he was unaware of any individuals currently in Chicago who were trafficking cocaine. CANO said he believed ▓▓▓ remained in

DEA Form -6a
(J.J. 1996)

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

3 - Originating Office

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION
*(Continuation)*

4. Page 4 of 4
5. Program Code: N/A
6. Date Prepared: 05/15/01

Chicago, and was probably still involved in distributing multiple kilograms amounts.

13. CANO said he would contact his attorney if he learned of any new information.

**INDEXING**

1. CANO, Desi — NADDIS #556848



DEA Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

3 - Originating Office

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

# Exhibit B

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

## AFFIDAVIT

I, Lawrence Beaumont, being duly sworn, state as follows:

1. From approximately August 1999 to approximately February 2006, I served as an Assistant United States Attorney for the Northern District of Illinois.

2. I was the second Assistant United States Attorney assigned to the case before this Court, *United States v. Desi Cano, et al.*, 98 CR 712. I was assigned to this case in approximately August 1999, after Mr. Cano pled guilty and had been sentenced.

3. On February 18, 2000, I filed a motion to stay the time within which the government may file a Rule 35 motion. I filed this motion because Mr. Cano's counsel represented that Mr. Cano had cooperated with the government and I needed time to investigate whether Mr. Cano's counsel's representations were accurate. After filing the motion, I contacted Ronald May, the original Assistant United States Attorney assigned to the case before this Court and asked whether Mr. Cano was eligible for a Rule 35 motion. Mr. May stated that he did not know anything about a Rule 35 Motion and referred me to the case agent assigned to the case, Charles Baumgartner. Mr. Baumgartner stated that he did not know anything about a Rule 35 motion and to the best of his knowledge, Mr. Cano did not qualify for a Rule 35 motion at that time.

4. During the time that I was assigned to Mr. Cano's case, Mr. Cano did not offer any cooperation to the government that would qualify for a Rule 35 motion.

5. I never promised Mr. Cano's counsel that I would file a Rule 35 motion unless and until Mr. Cano provided substantial assistance to the government.

6. I would testify as to the above information at an evidentiary hearing.

FURTHER AFFIANT SAYETH NOT.

_____
LAWRENCE BEAUMONT

SUBSCRIBED AND SWORN TO BEFORE ME
this 12th day of February, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
BARBARA ROBERTSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/26/11

# Exhibit C

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF COOK         )

## AFFIDAVIT

I, Charles Baumgartner, being duly sworn, state as follows:

1.  I have been employed as a Special Agent with the Drug Enforcement Administration ("DEA") since January 1991. My responsibilities as Special Agent include the investigation of federal narcotics violations.

2.  I was the lead case agent assigned to the investigation and prosecution of the case before this Court, *United States v. Desi Cano, et al.*, 98 CR 712. I have a specific recollection of the facts leading up to the prosecution of Mr. Cano and his subsequent interactions with the government.

3.  On May 15, 2001, Mr. Cano sat for a proffer session. Your Affiant was present for the proffer session. The May 15, 2001 proffer session was the only formal interview conducted with Mr. Cano during which he was offered the opportunity to assist the government in other narcotics investigations. Your Affiant may have met with Mr. Cano one time prior to that proffer session, but, to the best of my recollection, Mr. Cano did not offer any assistance to the government during that meeting.

4.  The May 15, 2001 proffer session took place over two years after Mr. Cano was sentenced.

5.  The information Mr. Cano offered to the government on May 15, 2001 is detailed in a DEA Investigation report dated May 15, 2001. That report is a complete and accurate summary of the information provided by Mr. Cano to the government.

6.  The information provided by Mr. Cano did not substantially assist the government in its investigation or prosecution of any other individuals. The information provided by Mr. Cano

was either previously known to the government or otherwise did not lead to any subsequent investigations or prosecutions.

7.  Your Affiant respectfully submits that Mr. Cano did not substantially assist the government.

8.  I would testify as to the above information at an evidentiary hearing.

FURTHER AFFIANT SAYETH NOT.

_____
CHARLES BAUMGARTNER, Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN TO BEFORE ME
this 11th day of February, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
BARBARA ROBERTSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/26/11