Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6444 (98 CR 712-1) | **DATE** | 2/27/2008 |
| **CASE TITLE** | UNITED STATES v. DESI CANO | | |

**DOCKET ENTRY TEXT**

Defendant's motion for relief under 28 U.S.C. § 2255 [11] is denied. Defendant's motion to introduce recorded telephone conversations [9] is moot. SEE BELOW FOR DETAILS.

■[For further details see text below.]

Notices mailed by Judicial staff.

**STATEMENT**

Proceeding *pro se*, Desi Cano moves under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence imposed on February 19, 1999. Cano bases his motion on his attorneys' ineffectiveness, alleging his counsel (1) failed to review his presentence investigation report with him before sentencing, and (2) failed to follow his instruction to appeal his sentence.

Cano filed a § 2255 motion on November 14, 2007. A one-year statute of limitations applies to all § 2255 petitions. 28 U.S.C. § 2255(f). Cano argues his petition is timely because, exercising due diligence, he could not have discovered the underlying facts until 2007. Cano's argument is unavailing. Cano would have known *at* sentencing whether his attorneys failed to review his presentence investigation report with him *before* sentencing. And ten days after sentencing, Cano could have discovered whether his attorneys had followed his instruction to file a timely notice of appeal. *See* Fed.R.App.P. 4(b)(1)(A)(I) (a criminal defendant has ten days after a judgment or order to file a notice of appeal). If Cano exercised due diligence, he could have discovered the facts underlying his § 2255 petition in March 1999. His motion is over seven years too late.

| | Courtroom Deputy | WH |
|---|---|---|