IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
APR - 7 2008
4-7-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DESI CANO,

    Petitioner,

-V-

UNITED STATES OF AMERICA,

    Respondent,

Case No.# 07-C-6444(98-CR-712-1)

**REQUEST FOR THE ISSUANCE OF A
CERTIFICATE OF APPEALABILITY**

. . . . . . .

**INTRODUCTION**

Desi Cano hereinafter ("Petitioner" or "Cano") is a federal prisonser serving out a Two-Hundred And Ten Month (210) sentence for Conspiring To Possess With Intent To Distribute Cocaine in violation of 21 U.S.C. §§ 846 and 841. Mr. Cano filed his initial Motion To Vacate, Set-Aside Or Correct His Sentence Pursuant to 28 U.S.C. § 2255 on November 14, 2007. In Mr. Cano's petition for relief to this court, he claimed that (1) he should be permitted to file an out-of-time appeal based on the fact that he exercised due diligence in documenting his defense attorneys (Kevin Bolger & Robert Lucenti's)deceitful and unethical representation of him during his initial and countenance incarceration which was the result of Mr. Cano losing his opportunity and right to have filed a timely direct appeal and or collaterally attacked his sentence.

An out-of-time appeal would have permitted Mr. Cano the opportunity to raise and argue for the first time on appeal, that (i) the United States Attorneys Office breached it's promise to reduce Desi Cano's sentence from 210 months to 120 as originally agreed on prior to Mr. Cano entering into his guilty plea. And that (ii) his attorneys were ineffective in assisting him during his criminal proceeding by faulty failing to object to inaccurate information on Mr. Cano's Presentence Investigation Report ("PSI"), which resulted in Mr. Cano being sentenced on inaccurate information, which is contrary to Mr. Cano's fifth Amendment right to be sentenced on accurate information.

The Honorable Suzanne B. Conlon denied Mr. Cano's request for relief on a minute order dated February 27, 2008, holding that Mr. Cano failed to exercise due diligence in filing his § 2255 petition for relief. But it should be noted that on the Honorable Judge Conlon's February 27, 2008 order, she did not Sua Sponte deny Mr. Cano a Certificate Of Appealability ("COA") on his issues raised therein. Therefore, based on this reasoning Mr. Desi Cano respectfully requests and moves in good faith in this Honorable Court for a Certificate Of Appealability on the following issues which Mr. Cano beleives that reasonable jurists could debate whether or, for that matter agree that Mr. Cano's petition for relief should have been resolved in a different manner or at the very least the issues presented are adequate to deserve encouragement to proceed further.

A Pro-Se litigants pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. **HAINES V. KERNER,** 30 L. Ed. 2d. 652 (1972); **ESTELLE V. GAMBLE,** 50 L. Ed. 2d. 251 (1976). A court should make a reasonable attempt to read the pleadings to state a valid claim on which the Petitioner could prevail, despite the Petitioner's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirement. **HALL V. BELLMON,** 935 F. 2nd. 1106; **ASHIEGBV V. PURVIANCE,** 76 F. Supp. at 828 (quoting Fed. R. Civ. Pr. Rule 8(f)(holding that all pleadings shall be so construed as to do substantial justice).

A memorandum brief in support of this motion is made part of this motion by reference herein.

Respectfully Submitted

*Desi Cano*

Desi Cano- Pro-Se

## ISSUES PRESENTED FOR A CERTIFICATE OF APPEALABILITY

I. **DESI CANO EXERCISED DUE DILIGENCE IN FILING HIS DUE PROCESS CLAIM**

Defense attorney's Kevin Bolger and Robert Lucenti informed Mr. Desi Cano and his family members prior to him entering into a plea of guilty, that they had received a proposition from the United States Attorneys Office which simply consisted of Mr. Cano (i) entering into a plea of guilty with the United States Attorneys Office without the benefit of a written plea-agreement and (ii) timely providing the United States Attorneys Office with a proffer session which in return the United States Attorneys Office promised Mr. Cano a sentence of no more than a ten (10) year sentence.

This is exactly what Mr. Cano done to assure his ten year sentence. He entered into a plea of guilty without the benefit of a written plea-agreement and sat in for a proffer session with the United States Attorney[1]. And immediately upon Mr. Cano's incarceration he diligently kept in constant contact with his defense attorneys Bolger and Lucenti through via United States Mail system and telephone calls, always inquiring on the status of his sentence reduction promised to him prior to him entering into his plea of guilty. Please See Desi Cano's Initial § 2255 Motion Page 3.

Through telephone conversations as the ones recorded on July 30 and August 6, 2007 and personally, attorney Kevin Bolger's assured Mr. Cano and his entire family members on numerous occasions during his representation of Desi Cano and Mr. Cano's countenance incarceration that the sentence reduction which was promised to Desi Cano for him entering into his plea of guilty was inevitable and forthcoming, but that they simply had to be very patient and careful with the situation. Please See Desi Cano's Initial § 2255 Motion Page 4 Thru 6. And Attached Sworn Affidavits From Desi Cano And His Family Members.

---

1. It should be noted for the record that the government on their 2/15/08 reply to Mr. Cano's § 2255 motion consented to the fact that Desi Cano indeed fulfilled his side of the bargain by sitting in a proffer session with the United States Attorneys Office. See Gov. Reply Page. 5

Additionally, on the July 30, 2007 recorded telephone conversation which was between Attorney Kevin Bolger and Desi Cano's Brother-In-Law Mario Diaz, Mr. Bolger confirms the fact that Desi Cano's claim of being induced into entering into a plea of guilty in exchange for a sentence reduction guarantee in the future existed and that Desi Cano utilized due diligence in keeping close contact with attorney Kevin Bolger's during his incarceration regarding the sentence reduction guarantee as the following exchanges reflect:[2]

| | |
|---|---|
| Mario Diaz:<br>Brother-In-Law Of<br>Desi Cano | ...You know also Desi Cano calls me.. He told me that he sent you and Mr. Bolger's a letter. |
| BOLGER: | Yeah, tell him I got the letter. Tell him the guy that was working on the case quit. They are trying to find a new guy now. They haven't put a new guy on yet. You know what this is so frustrating because every time we start getting somewhere the guy leaves or retires. The one guy retired. The other guy got another job. The other guy quit the office. Then you've got to start all over again. It's insane. Tell Desi I'm trying so hard; I'm really trying hard. These people they're just... They're... you know what the problem is? The aren't going through the problem, so they don't care that much... |
| DIAZ: | Right, but Desi Cano told me[that] when he was here in Chicago at the MCC... |
| BOLGER: | Yeah. |
| DIAZ: | Do you remember? |
| BOLGER: | Yeah. |
| DIAZ: | He said that you told him that you might try to reduce his sentence from 210 to 120 months. |
| BOLGER: | Well, this is what we're trying to do. See, he's suppose to get credit for something he said and did, and they're not giving it to him. We filed the motion. The government filed the motions to reduce, but we never had it heard. So this is where we've got to go... |
| DIAZ: | I know you said you guys were working on his case, but at the same time... |
| BOLGER: | I was down there this morning trying to get someone to take it up. |
| DIAZ: | Right and Desi Cano he said please ask them if he can update him. |
| BOLGER: | As soon as I figure out what this guy is doing I'll send him a letter. |

---

2. These recorded telephone conversations can easily be deciphered and liberally translated as attorney Kevin Bolger informing Desi Cano and his family members that he (Bolger) is constantly working hard every day in attempt to compel the United States Attorneys Office to fulfill their end of the bargain. But that he (Bolger) simply wants Desi Cano's family members and Desi Cano to be very patient and don't move anything.

-4-

In support for Desi Cano's claim here, he not only submitted into evidence the above referenced recorded telephone conversations which clearly places attorney Kevin Bolger having telephone conversations with various of Desi Cano's family members over the sentence reduction promise which the United States Attorneys Office made Desi Cano prior to him entering into a plea of guilty, which had not been fulfilled as of yet. These telephone conversations took place a few months prior to Desi Cano filing his instant § 2255 motion.

But this evidence was not all Mr. Cano submitted into the courts in support of his allegations contained in his § 2255 motion. Mr. Cano also submitted into evidence not only his sworn affidavit attesting under the penalty of perjury that such sentence reduction promise was indeed conveyed to him by his attorneys Kevin Bolger and Robert Lucenti, but also five more sworn affidavits from various of Desi Cano's family members specifically detailing dates, and times wherein these family members spoke personally and via telephone conversations with attorney Kevin Bolger and Robert Lucenti regarding the sentence reduction promise that was made to them and Desi Cano in exchange for Desi Cano entering into his plea of guilty.

On the other hand, the United States Attorneys Office February 15, 2008 reply to Desi Cano's § 2255 motion failed to produce a single sworn affidavit from either of Desi Cano's attorneys (Bolger & Lucenti) disputing or contesting Mr. Cano and his family members sworn affidavits which accused them of promising them a sentence of no more than ten years for their love one Desi Cano. Which according to these attorneys the ten year sentence would come in the form of a sentence reduction in the future. Instead the United States Attorneys Office submitted into the court records a sworn affidavit from the alleged former United States Attorneys assigned to Desi Cano's criminal case to wit Lawrence Beaumont. Mr. Beaumont claimed in his affidavit that "he never promised Mr. Cano's counsel" a sentence reduction. Beaumont Affidavit ¶ 5. This affidavit produced by the United States Attorneys Office placed material facts in dispute, since Mr. Cano and his entire family members submitted contradicting sworn affidavits, attesting under the penalty of perjury that attorney Kevin Bolger and Robert Lucenti personally and continuously through Desi Cano's incarceration assured them and promised them that a sentence reduction existed and was inevitable and forthcoming from the United States Attorneys Office. According to this circuit and Supreme Court precedents this material fact dispute warranted a evidentiary hearing. **TOWNSEND V. SAIN,** 9 L. Ed. 2d. 770: The district court failed to resolve the contradicting affidavits and material facts submitted into the record by the parties hereto.

-5-

This circuit in GALBRAITH V. UNITED STATES, 313 F. 3d. 1001, 1009 (7th Cir. 2002) set the standards not only for would be habeas corpus petitioner's claiming lawyer nonfeasance, but also for petitioner's requesting an evidentiary hearing on their claims raised. The threshold determination that the petitioner has stated sufficient facts to support his or her claims warranting an evidentiary hearing requires that the petitioner has actual proof of his allegations going beyond mere unsupported assertions. Please See GALBRAITH, 313 F. 3d. 1001, 1009 (quoting PREWIT, 83 F. 3d. at 819 (quoting BARRY V. UNITED STATES, 528 F. 2d. 1094, 1101(7th Cir.)

Applying these principles which are extracted from Seventh Circuit precedence to Desi Cano's case here, specifically, the various sworn affidavits, the incriminating recorded telephone conversations[3] which totally support Mr. Cano's allegations. And also taking into consideration that the United States Attorneys Office failed to produce a single sworn affidavit or position statement on their February 15, 2008 reply to Mr. Cano's § 2255 motion from either attorneys [Bolger & Lucenti] contradicting or opposing Mr. Cano's serious allegations raised on his § 2255 motion. Nor did the United States Attorneys Office produce any kind of correspondence which existed bewteen Desi Cano and his attorneys, which will establish either that attorney Bolger or Lucenti explained to Mr. Cano that any sentence reduction would be depended on the United States Attorneys Office assessment of the extent of Desi Cano's cooperation. Or in that matter any correspondence which would support the United States Attorneys Office self assertion claim that they never promised no such sentence reduction to Desi Cano's defense attorneys.

Accordingly, based on this backdrop, Mr. Desi Cano believes that he is entitled to a Certificate Of Appealability or at the very least the opportunity to brief his issue that he exercised Due Diligence in raising his due process claim. Since jurists of reason could debate the district court's resolution of this claim for various reasons. First, the court record is void of attorney Kevin Bolger and Robert Lucenti's position on Desi Cano's serious allegations. Specifically, whether or not they engaged in conduct involving dishonestly, fraud, deceit and misrepresentation with their client Desi Cano, which in turn deprived their client of his constitutional right to direct review of his sentence.

---

3. It should be noted that even though the recorded telephone conversations that Mr. Cano cites to as evidence were dismissed as moot when Deso Cano's § 2255 motion was denied. These recorded telephone conversations are still maintained in the court records, since they are embodied in the sworn affidavits of Leticia Esmeralda Cano and Mario Diaz which were submitted into the court records by incorporation in Desi Cano's § 2255 motion. Therefore, these recorded telephone conversations are relevant and evidence in this action.

Secondly, we can safely say that the court record is also void of any actual proof which would exonerate the United States Attorneys Office from Mr. Desi Cano's serious allegations, that he was induced into entering his plea of guilty based on the United States Attorneys Office promise to reduce his sentence to 120 months in the future if Desi Cano simply (i) entered into a plea-agreement with the United States Attorneys Office without the benefit of a written plea-agreement and (ii) for Desi Cano to sit in a proffer session with the United States Attorney. Since the district court failed to exercise it's discretion and resolve the disputed material facts which Mr. Cano raised on his § 2255 motion with an evidentiary hearing as required by Supreme Court precedents.[4] Please See **WALKER V. JOHNSON,** 85 L. Ed. 2d. 830: Also See **ESSIG,** 10 F. 3d. 976.

A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitment made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats(promises to discontinue improper (misrepresentation including unfilled or unfulfillable promises) or perhaps by promises that are by their nature improper. **UNITED STATES V. SANDERS,** 74 F. Supp. 2d. 677(quoting **MACHIBRODA V. UNITED STATES,** 368 U.S. 487.

Mr. Desi Cano respectfully requests a Certificate Of Appealability on his Due Process claim. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. **MATHEWS V. ELDRIDGE,** 424 U.S. 319. This circuit in **O'CONNOR V. UNITED STATES,** 133 F. 3d. 548, 550(7th Cir. 1998) has held that the idea behind the rules in § 2255 ¶ 8 is that a prisoner is entitled to one, but only one full and fair opportunity to wage a collateral attack.

Mr. Cano has yet to receive that opportunity with respect to his conviction and sentence for distributing cocaine, due to his defense attorney's or the United States Attorneys deceitfulness.

---

4. Desi Cano here also requests a Certificate Of Appealability on the courts failure in not granting an evidentiary hearing to resolve the disputed material facts raised in the parties sworn affidavits.

II.     DESI CANO DID EXERCISE DUE DILIGENCE IN FILING HIS
        INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Desi Cano's next issue here for ineffective assistance of counsel also should be granted a Certificate Of Appealability for the same reasons referenced above.

First, as referenced before, Mr. Desi Cano submitted into the court records sworn affidavits attesting under the penalty of perjury that he and his entire family members specifically instructed attorney Kevin Bolger and Robert Lucenti to file a notice of appeal on his behalf and challenge the sentence imposed.

But instead of filing a Notice Of Appeal as specifically instructed Desi Cano's attorneys dropped the ball and instructed Desi Cano not to file a notice of appeal, because a sentence reduction was forth coming from the United States Attorney's Office. Please See Recorded Telephone Conversation Of July 30, 2007 On Desi Cano's Initial 2255 Motion Page 4 & 5 And On This Instant Motion Page 4. On the other hand the United States Attorneys Office again failed to produce or submit into the court records on their February 15, 2008 reply to Desi Cano's § 2255 motion a single sworn affidavit from either of Desi Cano's attorneys (Bolger & Lucenti) contesting or opposing in any way Desi Cano's and his family members accusations contained on their sworn affidavits, that they specifically instructed them to file a notice of appeal, but instead simply disregarded their clients Desi Cano's wishes.

Secondly, their was no reason to doubt the prestige or competence of attorneys Kevin Bolger and Robert Lucenti when these officers of the court initially, specifically promised Desi Cano a sentence reduction in exchange for his plea of guilty. Therefore, when these same attorneys instructed Desi Cano not to file a notice of appeal, because the sentence reduction was inevitable and forthcoming. Mr. Cano took these instructions and promise at face value. But Desi Cano was simply deceived and lied too by his attorneys. It has been held that trial counsel lying to his client to induce a guilty plea constitutes ineffective assistance of counsel. **UNITED STATES V. GIARDINO,** 797 F. 2d. 30. Moreover, allowing the United States Attorneys Office to breach promise that induced a guilty plea violates Due Process, **UNITED STATES V. VAN THOURNOUT,** 100 F. 3d. 590.

-8-

But no matter how you look at it, the fact remains that the court records reflect through unopposed sworn affidavits that attorney Kevin Bolger and Robert Lucenti were specifically instructed to file a notice of appeal on Desi Cano's behalf, but they failed to file the notice of appeal after specifically being instructed to do so.

The colossal evidence that Desi Cano has submitted into this court in support of his claim, which consist of numerous unopposed sworn affidavits,[5] recorded telephone conversations indicating that attorney Bolger and Robert Lucenti deceived and lied to Desi Cano from the very first day of their representation only indicates that reasonable jurists could debate whether (or, for that matter agree) that Desi Cano exercised due diligence in filing his ineffective assistance claim, or at the very least this court could find that Desi Cano has presented sufficient evidence to deserve encouragement to proceed further on this issue. A Certificate Of Appealability is warranted here not only to prevent a severe miscarriage of justice, but also to send out a message to would be attorneys like Kevin Bolger and Robert Lucenti that the judicial system will protect their public reputation and not tolerate such behavior as the one Mr. Desi Cano has presented to this court.

---

5. In **HERNANDEZ - HERNANDEZ V. UNITED STATES,** 904 F. 2d. 758, it was held that numerous sworn affidavits even if identical cannot be taken lightly.

**CONCLUSION:**

In sum the American Bar Association standard for Criminal Justice instruct that attorneys for criminal defendants have a special responsibility to develop a relationship of trust and confidence with their clients so the client will appreciate that the lawyer knows the case and has the clients best interest clearly in mind. Comment to ABA Standard For Criminal Justice 4-3.8(2nd. Ed. 1980). Standard 4-3.8 itself states that, "[t]he lawyer has a duty to keep the client informed of the developments in the case and the progress of preparing the defense. Please See **FRANKLIN V. ANDERSON,** 434 F. 3d. 412(quoting **STRICKLAND V. WASHINGTON,** 466 U.S. 668, 104 S. Ct. 2052(1984).

And this is exactly what occurred in Mr. Cano's instant case. Attorney's Kevin Bolger and Robert Lucenti developed such a good relationship of trust and confidence with Desi Cano and his family members that the entire Cano family trusted and confide on these professional attorneys from the very beginning of Desi Cano's criminal proceedings, actually believing that attorneys Bolger and Lucenti would never do any wrong to their family, but simply look out for their clients Desi Cano's best interest, which they were originally retained to do.

But unbeknownst to Desi Cano and his entire family members attorneys Kevin Bolger and Robert Lucenti immediately upon being retained conspired among each other to abandoned their required duty of loyalty to their client. **OSBORN V. SHILLINGER,** 861 F. 2d. 612. And began deceiving Desi Cano and his entire family members regarding the status of their criminal proceedings, which unfortunately resulted in the deprivation of Mr. Cano's constitutional right to appeal and collaterally attack his sentence which was the fruit of being sentenced on inaccurate information.

Attorneys for criminal defendants main concern is the faithful representation of the interest of their clients, and such representation frequently involves highly practical consideration as well as specialized knowledge of law. **TOLLETT,** 411 U.S. at 268. It would have been a lot easier not only on the attorneys here but also on Desi Cano and his entire family members if Kevin Bolger and Robert Lucenti would have simply been honest with them regarding the status of their criminal proceedings, instead of deceiving them day after day, year after year into believing that their love one Desi Cano was coming home any day.

-10-

Desi Cano's attorneys blunder that resulted in his waiver of a right should not be a bar to Desi Cano's ability to raise his issues and have them heard. **WAINWRIGHT V. SYKES,** 433 U.S. 72. Mr. Cano has proffered numerous reasons why the district courts ruling to dismiss his § 2255 motion as time-barred should be questioned. Jurists of reason surely would debate this. A Certificate Of Appealability is warranted in this case and is hereby respectfully requested on the issues raised hereto.

Respectfully Submitted

*/s/ Desi Cano*

Desi Cano- Pro-Se

Executed On This 2 Th Day Of April, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DESI CANO,

    Petitioner,

-V-                                Case No.# 07-C-6444(98-CR-712-1)

UNITED STATES OF AMERICA,

    Respondent,

. . . . . . .

### CERTIFICATE OF SERVICE

I Desi Cano, hereby certify under the penalty of perjury, that on the last date given below, I deposited a true and correct copy of the following motions:

    1. Notice Of Appeal
    2. Request For The Issuance Of A Certificate Of Appealability
    3. Motion For Leave To Proceed On Appeal In Forma Pauperis
    4. Affidavit In Support Of Motion To Proceed On Appeal
       In Forma Pauperis

in the United States Mail System with first class postage affixed to insure its proper delivery to:

    Clerk Of The Courts
    U.S. District Court
    For The Northern District Of Illinois
    219 South Dearborn St.
    Chicago Illinois 60604    (3- Copies)

    U.S. Attorneys Office
    U.S. District Court
    For The Northern District Of Illinois
    219 South Dearborn St.
    Chicago Illinois 60604    (1-Copy)

Executed On This 2 Th Day Of April 2008

                                              */s/ Desi Cano*
                                                Desi Cano